REQUESTED BY: Dear Senator Johnson:
You have indicated that the Government, Military and the Veterans Affairs Committee of the Legislature is considering revisions to the election procedure for natural resource districts and other special use areas. Toward that end, you ask to what extent departure from the `one man one vote' concept is permissible in such elections.
Your inquiry is extremely broad in scope and therefore by necessity, our response must be equally broad and most general in nature. Of course, in the event that the committee were to propose specific changes, we would be most willing to constitutionally consider any such proposed changes individually.
Generally speaking, the United States Supreme Court has held the standard to be that:
 ". . ., whenever a state or local government decides to select persons by popular election to perform governmental functions, the equal protection clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials. . . ."
 Hadley v. Junior College District, 397 U.S. 50, 25 L.Ed.2d 45, 90 S.Ct. 791 (1970).
In Hadley, supra, the court concluded that once the class of voters had been chosen and their qualifications specified, they could foresee no constitutional way by which equality of voting power might be evaded. Hadley, supra,
at 25 L.Ed.2d 52.
Three years later, the United States Supreme Court had occasion to consider the case of Salyer Land Co. v. TulareWater District, 410 U.S. 719, 35 L.Ed.2d 659,93 S.Ct. 1224 (1973). Here the court concluded that:
 ". . . the appellee water storage district, by reason of its special limited purposes and of the disproportionate effect of its activities on landowners as a group, is the sort of exception to the rule laid down [previously]." Salyer, supra, at 35 L.Ed.2d 666.
Specifically the court held:
 ". . ., that the popular election requirements [previously enumerated] are inapplicable to elections such as the general election of appellee Water Storage District." Salyer, supra, at 35 L.Ed.2d 667.
From an examination of the decisions of the United States Supreme Court the general rule with regard to the constitutional requirements of the one man one vote doctrine appears clear. Therefore, any attempted departure from that doctrine will have to be closely scrutinized. The court is apparently willing to recognize that there will arise cases in which elected functionaries perform duties so far removed from normal governmental activities and so disproportionately affecting different groups that a popular election in compliance with the one man one vote doctrine would not be required.
Whether or not any revisions the committee might propose to the election procedures for natural resource districts or other such districts, would meet the exception recognized by the Supreme Court in Salyer, supra, would have to be analyzed on an individual case by case basis.
If we can be of any further assistance to you or to the committee in this area, please let us know.